UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUSAN AHMED SHARIF, and
ASEMA MOHAMED ALSAGHEREY,

            Plaintiffs,            Case No. 2:24-cv-13305

v.                                        Honorable Susan K. DeClercq
                                              United States District Judge

NATIONAL VISA CENTER et al.,

            Defendants.

_____/

### ORDER *SUA SPONTE* DISMISSING PLAINTIFFS' COMPLAINT (ECF No. 1) FOR FAILURE TO PROSECUTE

In December 2024, Plaintiffs Husan Ahmed Sharif and Asema Mohamed Alsagherey filed this mandamus action against four federal government defendants to compel United States immigration officials to issue a decision on Alsaghery's visa application. ECF No. 1.

On June 2, 2025, Defendants field a motion to dismiss Plaintiffs' claims. ECF No. 18. Plaintiffs had 21 days to file a response opposing Defendants' motion to dismiss. *See* E.D. Mich. LR 7.1(e)(2). On July 18, 2025, after neither Plaintiff had responded to Defendants' motion to dismiss, this Court entered an order directing Plaintiffs to show cause why their case should not be dismissed for failure to

prosecute. ECF No. 19. This order further cautioned Plaintiffs that if they did not respond to the show-cause order by August 11, 2025, their case could be dismissed. *Id.* at PageID.202. As of the date of this order—which is more than two weeks after the deadline to respond—neither Plaintiff has responded to the show-cause order.

Under Civil Rule 41(b), district courts "may dismiss a complaint sua sponte for failure to prosecute." *United States v. Wallace*, 592 F. Supp. 3d 612, 614 (E.D. Mich. 2021) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630–32 (1962)). But first this Court must "put the derelict parties on notice that further noncompliance would result in dismissal." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 644 (6th Cir. 2005) (quoting *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)); *see also* E.D. Mich. LR 41.2 ("[W]hen it appears . . . that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.").

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu*, 420 F.3d at 643 (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Here, all four factors favor dismissal. As to the first factor, due to Plaintiffs' lack of response, it is not clear whether their failure to prosecute is due to willfulness, bad faith, or fault. Even so, Plaintiffs' failure to take any action in this case for over five months suggests the first factor weighs in favor of dismissal. *See Allen v. Holden*, No. CV 23-11404, 2025 WL 1594279, at *2 (E.D. Mich. Apr. 21, 2025), *report and recommendation adopted*, No. 23-11404, 2025 WL 1428246 (E.D. Mich. May 19, 2025) (noting that when a plaintiff fails to respond, the first factor weighs in favor of dismissal). The second factor also weighs in favor of dismissal because Defendants may be prejudiced by expending time and resources to defend an action that Plaintiffs have apparently abandoned. *See White v. Bouchard*, No. 05-73718, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008). The third factor also weighs in favor of dismissal because Plaintiffs were put on notice nearly six weeks ago that their case could be dismissed for failure to prosecute if they did not respond to either the show-cause order or Defendants' motion to dismiss. ECF No. 19. Yet neither Plaintiff responded. Finally, the fourth factor also weighs in favor of dismissal because there is little utility in lesser sanctions when it appears Plaintiffs have abandoned their case by not filing *anything* in their case in over five months. *See* ECF No. 14. Thus, considering all factors, dismissal of Plaintiffs' complaint for failure to prosecute is warranted. *See Allen*, No. CV 23-11404, 2025 WL 1594279, at *1 (recommending dismissal of the plaintiff's complaint with prejudice after the

plaintiff failed to respond to the defendants' motion to dismiss and the court's show-cause order).

Accordingly, it is **ORDERED** that Plaintiffs' Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  August 29, 2025